**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GULF COAST RECYCLING, INC.,**

    **Plaintiff,**

v.                                                     **Case No. 8:07-CV-2143-T-30TBM**

**JOHNSON CONTROLS, INC., et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court for consideration of the parties' jointly filed Stipulation Regarding Second Amended Complaint (Dkt. 18). Also pending before the Court are Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law (Dkt. 11) and Plaintiff's response in opposition thereto requesting leave to file a Second Amended Complaint (Dkt. 17), attached thereto (Dkt. 17-2).

On October 17, 2007, Plaintiff filed suit in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida,[1] seeking cost recovery and/or contribution from Defendants, jointly and severally, under Fla. Stat. §§376.313 and 403.727 for costs incurred by Plaintiff in conducting the environmental remediation and clean up of sites on which it operated smelting facilities. Defendants removed the case to federal court on November 21, 2007. The jurisdictional basis for removal was diversity of citizenship pursuant to 28 U.S.C. §1332.

---

[1] Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., et al., Case No. 07-013671 (Fla. 13th Jud. Cir. (2007).

Plaintiff filed an Amended Complaint to correct scrivener's errors on December 11, 2007. Defendants moved for dismissal of the Amended Complaint for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiff makes no allegation in the Amended Complaint that it has complied with the requirements of the United States Environmental Protection Agency's National Oil and Hazardous Substances Pollution Contingency Plan, which, Defendants assert, is a prerequisite to bringing this action; or alternatively, that the Comprehensive Environmental Response, Compensation, and Liability Act preempts Plaintiff's state statutory claims.

Plaintiff has filed a Second Amended Complaint that he contends corrects the deficiencies about which Defendants complain in their motion to dismiss, see Dkt. 17-2. Rule 15(a), Fed. R. Civ. P., provides, in pertinent part, that where a party has exercised the right to amend its pleading once as a matter of course, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Defendants support Plaintiff's request to file a Second Amended Complaint. An amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint. See Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982). The filing of the amended complaint renders Defendants' earlier filed Motion to Dismiss moot.

It is, therefore, ORDERED and ADJUDGED that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED** (Dkt. 17). Plaintiff shall electronically file its Second Amended Complaint.

2. Defendants' Motion to Dismiss Plaintiff's [First] Amended Complaint (Dkt. 11) is **DENIED** as moot.

3. Defendants shall file an answer to the Second Amended Complaint within **TWENTY (20) DAYS** hereof.

**DONE** and **ORDERED** in Tampa, Florida on February 14, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2007\07-cv-2143 MTD Moot.wpd